976 F.2d 728
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
William T. ROYE, a/k/a Will, a/k/a William Foreman,
Defendant-Appellant.
 No. 92-5016.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 31, 1992
Decided: Sept. 16, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Richard B. Kellam, Senior District Judge. (CR-91-137-N)
 William P. Robinson, Jr., Robinson, Madison, Fulton & Anderson, Norfolk, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Charles D. Griffith, Jr., Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D. Va.
 AFFIRMED.
 Before SPROUSE and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 William T. Roye appeals the sentence he received on his guilty plea to the use of a firearm in the commission of a drug trafficking crime (18 U.S.C. § 924(c) (Supp. II 1990)), contending that the district court erred in not giving him a two-level reduction in offense level for acceptance of responsibility.* We affirm.
 
 
 2
 Roye was charged with nineteen counts of drug related criminal conduct; he pled guilty to three counts, one of which was the § 924(c) charge. The government's factual basis for this count alleged that one or more confidential informants would testify that in November 1990, Roye possessed a gun and used it to intimidate another member of the conspiracy in an attempt to find out what had happened to several ounces of cocaine believed to have been stolen. Roye denied doing this, but admitted that he had carried a gun for protection during a good part of the life of the conspiracy, including November 1990. He argued that he had demonstrated his acceptance of responsibility by pleading guilty to the charge and by cooperating extensively with the government after his plea.
 
 
 3
 The district court found that by denying he had committed the conduct underlying a count he had chosen to plead guilty to, Roye had failed to accept responsibility for all his criminal conduct and did not qualify for the reduction. On appeal, Roye makes the same arguments he made in the district court. However, we are unable to say that the district court's determination was clearly erroneous. See United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S. 1990) (defendant must accept responsibility for all his criminal conduct). We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 1991)